The judgment of the court was pronounced by
Slidell, J.
In the year 1821, a suit was brought in the name of “ John Brown Sf Co., merchants of New Orleans,” against Craig, Haberling Sf Co., alleged to be composed’ of Charles Craig, Jacob Haberling, and Philip Caldwell, upon a promissory note drawm by Craig, Haberling Sf Co., to the order of Messrs. John Brown Sf Co. There was judgment “that the plaintiffs recover of the defendants the sum of —,” &c. In no portion of the record is it alleged or does it appear who composed the firm of John Brown Sf Co. No action appears to have been taken on this-judgment, after a return of fieri facias in 1823 down to the institution of this suit in 1846 — an interval of twenty-three years. In 1841, Rebecca Ferguson obtained letters as administratrix of one John Brown, and now sues, upou the judgment, the curator of the succession of Charles Craig. The petition alleges “that the company was composed of John Brown, late husband of petitioner, whose administratrix she is.” This allegation is obscure; but, giving it the construction most favorable to the plaintiff, we will assume, that by.it the petitioner meant to say, that the John Brown, of whose succession she is administratrix, did business alone, under the commercial style of John Brown Sf Co., and that there was in point of fact no company. The defendant answered by a general denial,- and- plea of prescription.
The plaintiff, in order to recover,- was bound to show that the ownership of the judgment was in her as administratrix of John Brown. To prove this she should have adduced evidence of the facts in her petition alleged, to wit, that the commercial firm of John Brown Sf Co., the judgment creditor was composed solely of John Brown, the deceased. See Greenleaf on Evidence, vol. 2, § 478.
It is therefore decreed, that the judgment of the district court be reversed.; and that there be judgment as in case of non-suit, the plaintiff paying costs in both courts.